UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SHAN NATHAN     PLAINTIFF

v.     CIVIL ACTION NO. 3:11CV-61-S

PAPA JOHN'S INTERNATIONAL, INC.     DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Papa John's International, Inc. ("Papa John's"), to dismiss the action for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6).

The complaint alleges that the plaintiff, Shan Nathan, was employed in August, 2000 by Papa John's as a Quality Assurance Product Manager in Louisville, Kentucky. Compl., ¶ 3. He was discharged from employment on June 2, 2008. Compl., ¶ 4. He alleges that on at least two occasions he was disciplined for "poor communication skills" associated with his "accent problems." Compl., ¶ 5. He claims that he asked management personnel to more specifically identify his "communication problems" and to provide him assistance, but they did not respond. Compl., ¶ 8.

Nathan alleges that during his employment, management personnel made derogatory racial and/or ethnic comments in his presence such as "how do they get into this country," referring to individuals from Mexico. Compl., ¶ 7. Nathan also alleges that prior to his termination, he was "denied promotional opportunities which he believes that he was well qualified [sic]". Compl., ¶ 6.

Nathan has claimed violations of the Kentucky Civil Rights Act, KRS Chapter 344, and 42 U.S.C. § 1981, alleging that he was discriminated against because of his race, ethnicity, and national origin.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

Papa John's has moved to dismiss the action under the *Twombly/Iqbal* standard, noting that Nathan recites a number of bare legal conclusions, but the complaint is devoid of any supporting facts.

This complaint has absolutely no facial plausibility, as it does not even recite the most basic facts concerning Nathan and his employment. This is purportedly a discrimination case. However, the complaint fails to identify Nathan's race or country of origin. He claims that "he was denied promotional opportunities." However, he does not indicate what positions he applied for, when he applied, or who filled these positions. The only suggestion of any discriminatory conduct in the complaint is that unidentified "management personnel" purportedly made derogatory racial/ethnic comments in his presence such as "how do they get into this country," referring to individuals from Mexico. But, as indicated in his response to the motion to dismiss, Nathan is not from Mexico. He

is a native of Sri Lanka. As already noted, Nathan's race and country of origin are not identified in the complaint at all.

Nathan makes reference to "poor communication skills" for which he was allegedly disciplined and for which he allegedly sought assistance. He states that his supposed "poor communication skills" were associated with "accent problems." He states nothing more than that he asked management personnel to more specifically identify his "communication problems," but they did not do so. The court cannot find any reasonable inference of misconduct from these sparse, non-specific facts.

In order to establish a *prima facie* case of employment discrimination, under § 1981 or the KCRA, Nathan must show that (1) he is a member of a protected group; (2) he suffered an adverse employment action; (3) he was qualified for the position in question; and (4) he was treated less favorably that similarly situated members of the protected class. *Gettings v. Building Laborers, Local 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003). The deficiencies in this complaint are legion. However, at a minimum, a failure to offer any specific information concerning Nathan's race, origin and employment history to satisfy the prerequisites of a *prima facie* case are fatal under the Rule 12(b)(6) standard.

For the reasons set forth herein, the motion of Papa John's to dismiss the complaint will be granted and the action will be dismissed by separate order.

**IT IS SO ORDERED.**